# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1037
Lower Tribunal No. 02-12181B

_____

**Mike Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

ROTHENBERG, C.J.

Mike Gonzalez ("the defendant") appeals the trial court's denial of his postconviction motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his postconviction motion, the defendant contested his sentence on two grounds: (1) his convictions for attempted home invasion robbery and burglary of a dwelling with a battery constituted double jeopardy; and (2) the 90-month sentence reflected on the judgment for trespass, a second degree misdemeanor, and carrying a concealed weapon, a first degree misdemeanor, did not conform to the trial court's oral pronouncement and was in excess of the statutory maximums. However, the only argument raised on appeal is the trial court's failure to correct the sentence as to the second ground raised below. Because the claim on appeal is well-taken, we reverse the trial court's order denying relief and remand for correction of the judgment and sentences to reflect the trial court's oral pronouncement—that the defendant was sentenced to "credit for time-served" for trespass and carrying a concealed weapon—and to reflect a sentence no greater than what the law provides for these two misdemeanor offenses. Thus, the judgment and sentences shall be corrected on remand to read that the defendant was sentenced to: (1) sixty days, with credit for the sixty days the defendant served as to Count IV, trespass to a structure or conveyance; and (2) 364 days, with credit for the 364 days the defendant served as to Count VI, carrying a concealed weapon.

Reversed and remanded for correction of the judgment and sentence.